## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

LESTER E. DeSHAZOR,

    Petitioner,

    v.

                                Civil Action No.: PX-18-3110

WARDEN FRANK B. BISHOP,
OFFICE OF THE ATTORNEY GENERAL
   OF MARYLAND,

    Respondents.

### MEMORANDUM OPINION

Pending before the Court is Lester E. DeShazor's Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Respondents assert that the petition must be dismissed as time barred. ECF No. 3. An evidentiary hearing is not necessary for determination. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2018); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000). For the following reasons, the Petition is dismissed and a certificate of appealability shall not issue.

## I.    Background

On July 1, 1998, DeShazor was convicted by a jury of first-degree murder, use of a handgun in a crime of violence, and carjacking. ECF No. 3-1 at 5. On January 15, 1999, the Circuit Court for Prince George's County sentenced DeShazor to life imprisonment plus twenty years. *Id.* at 6. DeShazor moved for reconsideration of his sentence on February 4, 1999, which was denied on March 12, 1999. ECF No. 3-1 at 7. DeShazor also appealed his conviction to the Maryland Court of Special Appeals, which was affirmed by unreported opinion issued on December 8, 1999. ECF No. 3-1 at 8. The Maryland Court of Appeals denied DeShazor's petition for writ of certiorari on February 10, 2000. *DeShazor v. State*, 357 Md. 482 (Table). His conviction became final on May

10, 2000, after the time for petitioning the United States Supreme Court for certiorari had expired. *See* U.S. Sup. Ct. R. 13.

DeShazor did not seek state post-conviction relief until December 30, 2008. ECF No. 3-1 at 11. After a hearing on March 4, 2010, the Circuit Court denied the requested relief in a written decision filed on August 24, 2010. *Id.* DeShazor filed an application for leave to appeal on October 4, 2010, which was denied on July 15, 2011, with the mandate issuing on August 15, 2011. *Id.* at 12.

DeShazor next filed a Petition for Writ of Actual Innocence with the Circuit Court on January 28, 2013. ECF No. 3-1 at 12. The petition was denied on April 30, 2013. *Id.* DeShazor did not seek appellate review of the decision.

On January 11, 2016, DeShazor filed a Motion for Appropriate Relief or to Correct Illegal Sentence with the Circuit Court. That motion was denied on March 24, 2016. ECF No. 3-1 at 13. DeShazor appealed, and the Maryland Court of Special Appeals affirmed the decision on June 5, 2017; the mandate issued on July 11, 2017. *Id.* DeShazor's petition for writ of certiorari filed with the Maryland Court of Appeals was denied on September 25, 2017. *Id.* at 14.

DeShazor filed a petition seeking federal habeas relief in this Court on October 2, 2018. *See* ECF No. 1-5 at 2 (Envelope stamped "Outgoing Inmate Mail Oct. 02 2018"). DeShazor's stated grounds for the petition are as follows:

> I.  Petitioner was denied his 5th, 6th, and 14th Amendment Rights to the Effective Assistance of Trial Counsel, Due Process and procedural due process where that Counsel failed to properly investigate the facts of the case and assert a manslaughter defense.
>
> II. Petitioner was denied his 5th, 6th, and 14th Amendment Rights to the Effective Assistance of Appellate, Due Process and procedural due process where that Counsel failed to properly investigate the facts of the case and appeal the abuse of Judicial Discretion, in failing to instruct the jury on manslaughter.

III.   Petitioner was denied his 5th, 6th, and 14th Amendment Rights to the Effective Assistance of Post Conviction Counsel where that Counsel failed to properly investigate the facts of the case, the abuse of Judicial Discretion, in failing to instruct the jury on manslaughter and Appellate Counsel's short comings.

IV.   Does the holding of *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988), apply to Pro Se Petitioner's petitions seeking a Writ of Certiorari in the Court of Appeals of Maryland?

ECF No. 1 at 2-3.

In support, DeShazor argues that the merits of these claims were never resolved by the State courts; the state courts did not engage in adequate fact-finding; and he was denied due process. *Id.* at 3.

## II.    Standard of Review

Petitions brought pursuant to 28 U.S.C. § 2244 must be filed within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, and pertinent to this petition, under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Equitable tolling may also apply in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, a petitioner must establish that delay in filing the petition resulted from Respondents' wrongful conduct or other circumstances beyond petitioner's control. *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* [1]

Certain exceptions exist to the one-year limitations period. An actual innocence claim is an "equitable *exception* to § 2244(d)(1), not an extension of the time statutorily prescribed." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *Id.* at 392. Thus, DeShazor's claims may be reached if "new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *Id.* at 395, quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995). In the context of an untimely petition, "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Perkins*, 569 at 399. "This rule, or fundamental miscarriage of justice exception, is grounded in the equitable discretion

---

[1] The Fourth Circuit Court of Appeals has directed that before a writ of habeas corpus may be dismissed as time barred, the petitioner must be afforded notice and opportunity to respond. *Hill*, 277 F.3d at 708. DeShazor has been given that opportunity. ECF Nos. 4 & 5.

4

of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id*. at 392.

To assess whether a petitioner is entitled to relief, the Court must consider "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *House*, 547 U.S. at 538 (internal quotation marks omitted). The new evidence must be evaluated with any other admissible evidence of guilt. *Wilson v. Greene*, 155 F.3d 396, 404-05 4th. Cir. 1998). "'To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id*. at 315–17.

The Supreme Court "caution[ed], however, that tenable actual-innocence gateway claims are rare: 'A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror acting reasonably would have voted to find him guilty beyond a reasonable doubt.'" *Perkins*, 569 U.S. at 386 (brackets omitted) (quoting *Schlup*, 513 U.S. at 329); *House v. Bell*, 547 U.S. 518, 538 (2006); *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . should not be granted casually.") (internal citations omitted). To sustain a credible claim of actual innocence, a Petitioner must marshal "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S at 324. The gateway actual innocence "standard is demanding and permits review only in the extraordinary case." *House*, 547 U.S. at 538 (citation omitted); *see, e.g., Perkins*, 569 U.S. at 401 ("We stress once again that the

[actual innocence] standard is demanding."); *Wilson*, 155 F.3d at 404 ("Claims of actual innocence . . . presented . . . as gateways to excuse a procedural default . . . should not be granted casually.").

## III.   Analysis

### A.   Statutory Tolling

DeShazor argues that his petition is not time barred because the time to file runs not from the September 15, 2017 decision of the Maryland Court of Appeals denying certiorari  regarding his Motion to Correct Illegal Sentence, but 90 days later, once the time for petitioning the United States Supreme Court has lapsed.  ECF No. 5 at 2, ¶2.  Thus, says DeShazor the one-year filing period began on December 26, 2017, making his September 9, 2018 petition timely filed.  *Id.* DeShazor adds that since Maryland's ten-year limitations period for seeking post-conviction relief is at odds with the federal habeas limitation period and he is required to exhaust state remedies prior to seeking federal habeas relief, 28 U.S.C. § 2244(d)(1)(A) gives him "the right pursuant to the 10th and 11th Amendments to the United States Constitution, 10 years to perfect and exhaust" post-conviction relief.  *Id.* at 4.

The operative date for calculation of the federal habeas filing deadline is the date the conviction becomes final.  *See* 28 U.S.C. § 2244.  Accordingly, DeShazor was required to file his petition by not later than May 10, 2000.  Any event on which may toll the one-year filing period under the statute must be initiated before the limitation period expires. If the petition is filed, the time during which the petition is pending before the reviewing court must be subtracted from the one-year limitations period set forth in § 2241(d)(1).  *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 331, 335 (2007) (interpreting 18 U.S.C. § 2241(d)(2) to toll limitations period for time to appeal state court denial of post-conviction relief). *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) (per curiam) (following Tenth and Fifth Circuits in holding time to petition for writ of certiorari

following the denial of state court collateral relief not subtracted from § 2244(d)(1) limitations period).

DeShazor's conviction became final on May 10, 2000, thus he had until May 10, 2001 to file his petition. He did not file a petition for post-conviction relief until December 30, 2008, more than seven years after the federal filing deadline expired. Thus, there is no time to subtract from a *pending* federal habeas petition, as the time for filing the petition pursuant to § 2244(d)(1)(A) had long passed.

DeShazor responds that his conviction did not become "final" until the Maryland post-conviction limitations period expired. But a post-conviction petition is, by definition, not a direct challenge to the conviction for purposes of determining when such conviction is final. *See Wall v. Kholi*, 562 U.S. 545, 551 (2011) (defining properly filed collateral review); *see also Mitchell v. Green*, 922 F.3d 187, 190-91 (4th. Cir. 2019) (discussing *Kholi* as applied to Maryland Rule 4-345 motions to reconsider). Nothing in § 2244 permits this Court to "restart" the one-year period of limitations based on a post-conviction petition filed after the one-year period had expired. *See Gray v. Waters*, 26 F. Supp. 2d 771, 772 (D. Md. 1998) ("Certainly, the limitations period does not begin to run anew for a year following denial of the state post-conviction remedies. If Congress had meant that to be the case, it would have said so."). DeShazor's petition, therefore, is not subject to statutory tolling. The petition is time barred.

### B.     Equitable Tolling

DeShazor alternatively asserts that this Court should reach the merits of his claims without regard to the timeliness of his petition because he is actually innocent. ECF No. 5 at 2, 4-5. He contends that "[t]here is evidence that a juror acting reasonably would have found [him] not guilty of first degree murder, since there was overwhelming evidence of intoxication [and] evidence of a

struggle over the victim's gun." *Id.* at 2.  He adds that "under Maryland law, intoxication is a defense to first degree murder, negating the multiple shots fired." *Id.*  He later implies that he reasonably believed he could raise this claim of actual innocence based on the Supreme Court's decision in *McQuiggin*.  *Id.* at 3.

As discussed above, actual innocence is an equitable exception to the one-year filing deadline; it is not a stand-alone claim.  DeShazor has failed to set-forth a colorable claim of actual innocence.  He does not cite to any new exculpatory evidence recently discovered;[2] rather, he simply advances what he asserts should have been a viable defense to the charges against him.  Such an argument does not suffice as an actual innocence claim, nor does it operate to excuse the untimely filing of this petition.

## III.    Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)).  The Court declines to issue a certificate of appealability.

---

[2]    Examples of the type of new evidence that have been found to satisfy the actual innocence gateway standard are: (1) new DNA evidence and expert testimony "call[ing] into question" the "central forensic proof connecting [the petitioner] to the crime," as well as "substantial evidence pointing to a different suspect," *House*, 547 U.S. at 540-41 (2006); (2) "sworn statements of several eyewitnesses that [the petitioner inmate] was not involved in the crime" and affidavits "that cast doubt on whether [the petitioner inmate] could have participated" in the offense, *Schlup*, 513 U.S. at 331; (3) a third party's consistent and repeated statement that the third party committed the offense, *Jones v. McKee*, No. 08 CV 4429, 2010 WL 3522947, at *9-10 (N.D. Ill. Sept. 2, 2010); *Carringer v. Stewart*, 132 F.3d 463, 478-79 (9th Cir. 1997); and (4) documentary evidence indicating that the petitioner was in another country on the day of the offense and five affidavits from individuals stating that the petitioner was outside the country at the precise time of the offense, *see Garcia v. Portuondo*, 334 F. Supp. 2d 446, 452-56 (S.D.N.Y. 2004).  *See generally Schlup*, 513 U.S. at 324 (providing the Supreme Court's statement that examples of sufficient new reliable evidence for a gateway claim including "exculpatory evidence, trustworthy eyewitness accounts, or critical physical evidence").

DeShazor may still request that the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## IV.    Conclusion

The Petition is time barred and is not subject to equitable tolling.  It is dismissed by separate Order which follows.  A certificate of appealability shall not issue.


_____5/5/20_____                    _____/S/_____
Date                                                          Paula Xinis
                                                                United States District Judge